IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

PAUL MONDERER,

    Plaintiff,

v.                                          C.A. No.: 1:20-cv-140

TEXAS PARTNERS TITLE, LLC,
RODGER M. SANDERS, and,
JEAN ANN BROCK

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PAUL MONDERER (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, sues Defendants, TEXAS PARTNERS TITLE, LLC, RODGER M. SANDERS and JEAN ANN BROCK (hereinafter sometimes referred to collectively as "Defendants"), and in support thereof states as follows:

### INTRODUCTION

1.     This is an action by Plaintiff against his employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seek damages for unpaid wages, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, since this claim arises under federal law and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, TEXAS PARTNERS TITLE, LLC, maintain offices in Travis County, Texas.

## THE PARTIES

4. Plaintiff, PAUL MONDERER, is an individual residing in Travis County, Texas.

5. Defendant, RODGER M. SANDERS, is an individual residing in Collin County, Texas, and at all times relevant to this matter was an officer and manager of Defendant, TEXAS PARTNERS TITLE, LLC, acting directly or indirectly in the interest of Defendant, TEXAS PARTNERS TITLE, LLC, in relationship to Plaintiff.

6. Defendant, JEAN ANN BROCK, is an individual residing in Collin County, Texas, and at all times relevant to this matter was an officer and manager of Defendant, TEXAS PARTNERS TITLE, LLC, acting directly or indirectly in the interest of Defendant, TEXAS PARTNERS TITLE, LLC, in relationship to Plaintiff.

7. Defendants, RODGER M. SANDERS, and JEAN ANN BROCK hired the Plaintiff and also supervised and controlled Plaintiff's conditions of employment. Defendants, RODGER M. SANDERS, and JEAN ANN BROCK, determined the rate and method of payment for Plaintiff.

8. Defendants, RODGER M. SANDERS, and JEAN ANN BROCK, were employers of the Plaintiff as defined by the Fair Labor Standards Act, 29 U.S.C. § 203(d).

9. Defendants, RODGER M. SANDERS, and JEAN ANN BROCK, at all times relevant to this matter acted directly or indirectly in the interest of Defendant, TEXAS PARTNERS TITLE, LLC, in relationship to Plaintiff's employment. RODGER M. SANDERS, and JEAN ANN BROCK are joint employers as defined by 29 U.S.C. § 203(d).

10. Defendant, TEXAS PARTNERS TITLE, LLC, is a limited liability company formed and existing under the laws of the State of Texas and maintains offices in Travis County, Texas, and its primary business is as a real estate closing agent.

11. Defendants have employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

12. At all times material to this complaint, Defendants employed two or more employees and had an annual dollar volume of sales or business done of at

least $500,000.00.

## UNPAID OVERTIME IN VIOLATION OF THE FLSA

13. At all times material to this complaint, Defendant, TEXAS PARTNERS TITLE, LLC, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

14. Defendants employed Plaintiff, PAUL MONDERER, from approximately November 25, 2018, until December 27, 2019, as an "Escrow Officer," at Defendants' offices in Austin, Texas and was paid at on a salary basis.

15. As part of Plaintiff's regular and recurring job duties, Plaintiff was individually engaged in commerce and produced goods for commerce and his work was directly and vitally related to the functioning of Defendants' business activities through his use of the channels of interstate commerce, *i.e.*, making interstate telephone calls, handling interstate mail, and facilitated the movement of monies through banking institutions in accordance with real estate contracts.

16. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.

17. Plaintiff did not occupy a position that would be considered as exempt

under the FLSA.   While Defendants labelled the Plaintiff as an "Escrow Officer," his job duties were clerical in nature.   In fact, on the date of Plaintiff's termination Plaintiff complained to the Defendants that he was performing work more akin to a clerical assistant rather than an "Escrow Officer."   Once Plaintiff complained about his job duties, Defendants terminated him.

18. Plaintiff worked numerous weeks in excess of forty hours per workweek, and was not compensated for all work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he was employed.

19. Defendants did not maintain accurate time records.

20. Plaintiff's regular schedule was from 8:30 a.m. until 5:00 p.m., Monday through Friday.   Plaintiff did not take any breaks and would frequently stay later than 5:00 p.m. to complete his work.

21. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

22. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

23. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not

paid that should have been paid.

24. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, PAUL MONDERER, demands Judgment against Defendants, jointly and severally, for the following:

a. Awarding Plaintiff his compensatory damages, attorneys' fees and litigation expenses as provided by law;

b. Awarding Plaintiff pre-judgment interest as provided by law, should liquidated damages not be awarded;

c. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

d. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demand a jury trial on all issues so triable.

Respectfully submitted this February 6, 2020.

> **ROSS • SCALISE LAW GROUP**
> 1104 San Antonio Street
> Austin, Texas 78701
> (512) 474-7677 Telephone
> (512) 474-5306 Facsimile
> Charles@rosslawpc.com

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 789810

**ATTORNEYS FOR PLAINTIFF**